### Ex parte ARTHUR TERRY.

No. A-4066. Opinion Filed Sept. 15, 1921.
(200 Pac. 559.)

Arthur Terry was held by a justice of the peace without bail, after examination, to await the action of the district court on the charge of murder, and he applied for writ of habeas corpus to be admitted to bail, which was fixed by the district court, and he applies for reduction of bail. Application granted.

Stephenson & Holloway, for petitioner.

The Attorney General, for the State.

PER CURIAM. Petitioner, Arthur Terry, alleges that he is unlawfully restrained of his liberty by R. B. Fitzgerald, sheriff of Choctaw county, Okla., and that the cause of restraint is that he was, on the ——day of August, 1921, given a preliminary examination by L. W. Oakes, a justice of the peace of Choctaw county, Okla., and was held by said justice of the peace without bail to await the action of the district court of said county on the charge of having murdered, in said county, one Alice Hoover; but petitioner alleges that the testimony against him is insufficient to maintain the

charge of murder, and that the proof is not evident nor the presumption great that he is guilty of said crime.

It is further alleged that on the 27th day of August, 1921, petitioner applied to Hon. G. M. Barrett, judge of the Twenty-Second judicial district of the state of Oklahoma, for a writ of habeas corpus to be admitted to bail on the charge then pending against him, and that the said judge granted petitioner bail in the sum of $20,000, which amount petitioner alleges is excessive, oppressive, and unreasonable, and that petitioner has been unable to give bail in said amount, and that the facts as disclosed by the evidence taken at the preliminary examination, and set forth as an exhibit to this petition, clearly disclose that the amount of bail as fixed by the district judge is unreasonable, and petitioner prays that this court fix bail in said case for him in a reasonable amount, commensurate with the facts and his ability to make bond.

This court has carefully examined the transcript of the evidence introduced against and in behalf of petitioner at the preliminary examination, on which evidence it is stipulated by the parties that this application shall be submitted, and, without entering into a discussion of the evidence pro and con, the conclusion is reached that bail should be allowed to the petitioner in the sum of $10,000, conditioned as by law required for his appearance in the district court of Choctaw county to answer said charge, said bond to be approved by the court clerk of Choctaw county, Okla., and upon the approval thereof the respondent is instructed to enlarge the petitioner.